UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

$164,265 IN UNITED STATES CURRENCY

    Defendant.
_____/

No. C 06-7527 PJH

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Plaintiff United States of America seeks an order of default judgment in the above entitled action, pursuant to Federal Rule of Civil Procedure 55(a), declaring that the defendant currency is defaulted to the United States. Having read the plaintiff's papers and carefully considered the arguments and the relevant legal authority, the court hereby GRANTS the motion.

Plaintiff commenced this action on December 7, 2006, with the filing of a complaint of forfeiture. Plaintiff alleged that the defendant currency was subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), as proceeds traceable to narcotics transactions, or other things of value furnished in exchange for a controlled substance, and all moneys used or intended to be used to facilitate a narcotics transaction in violation of 21 U.S.C. §§ 841 and 846.

On December 7, 2006, copies of the complaint and notice of forfeiture action were

served on Richard Bruce Nall and his attorney Chris Andrian, Roxie Nall, and Seth Russell, the parties known to have an interest in the defendant currency.

A notice of forfeiture action was published in <u>The Recorder</u>, a daily newspaper of general circulation in the San Francisco Bay Area, on December 13, December 20, and December 27, 2006.

On January 11, 2007, the office of the U.S. Attorney for this judicial district received a letter from Richard Bruce Nall's attorney Chris Andrian, stating that Mr. Nall had decided not to file a response to the present forfeiture action.

A clerk's default was entered on March 1, 2007. To date, no claims or answers have been filed in this action.

The court finds that plaintiff's motion should be granted. Rule 6-2 of the Admiralty Local Rules sets forth the procedures for seeking a default judgment in an <u>in rem</u> action.[1]

> (a) Notice Required. A party seeking a default judgment in an action <u>in rem</u> must show that due notice of the action and arrest of the property has been given:
>
> (1) By publication as required in FRCivP Supp C(4);
>
> (2) By service upon the . . . person having custody of the property; and
>
> (3) By service under FRCivP5(b) upon every other person who has not appeared in the action and is known to have an interest in the property.

Admir. L.R. 6-1(a)

> After the time for filing an answer has expired, the plaintiff may apply for entry of default under FRCivP 55(a). Judgment may be entered under FRCivP 55(b) at any time after default has been entered. Default will be entered upon a showing that:
>
> (a) Notice has been given as required by Admir. L.R. 6-1;
>
> (b) The time to answer has expired; and
>
> (c) No one has filed a verified statement or right or interest in the property.

---

[1] The Admiralty and Maritime Local Rules apply to "forfeiture proceedings analogous to maritime actions <u>in rem</u>." Admir. L.R. 1-2.

1  Admir. L.R. 6-2.

2  The court finds that plaintiff complied with the requirements for notice by publishing
3  notice of action in The Recorder, and by serving copies of the complaint and notice on the
4  parties known to have an interest in the defendant currency; and that no person has filed a
5  claim to the defendant currency.

6  Accordingly, default judgment shall be entered in this action.

8  **IT IS SO ORDERED.**

9  Dated:  March 15, 2007

10  _____
    PHYLLIS J. HAMILTON
    United States District Judge